PeaksoN, J.
 

 The equity of the plaintiff to an account, in respect to the defendant Peterson, is not contested. It is clear that the deed executed, by them, vests in the plaintiff a right to one half of the land mentioned in the pleadings. But the defendant Craige avers that he took the assignment of Peterson, and surrendered the bonds in consideration thereof,
 
 Vona
 
 fide, and without notice either on his part, or on the part of his agent, that Willis had any interest in the land; and to make his averment more
 
 emphatic,
 
 he says, that the assignment by him to Peterson was, with the express understanding, that the plaintiff was to have nothing to do with the pro
 
 *341
 
 per ty, or any control or concern therein. It turns out, however, upon the evidence, that, in despite of this understanding, Peterson executed the deed whereby the plaintiff did acquire an interest in one half of the land as well as the other property, and thereupon the defendant Craige, finding that the effect of this deed was to vest an interest in the plaintiff, (his refusal to have any thing to do with him, and his stipulation to that effect with his co-defendant, to the contrary notwithstanding,) attempts to shift his ground and take the position, that the re-assignment by Peterson to him was done with the consent of the plaintiff.
 

 In regard to this new matter of defense, much evidence is taken on both sides; but we are not at liberty to consider it, because it is irrelevant to
 
 the issues made by the pleadings. “
 
 Proof without an allegation is of no more effect than allegation without proof.” This case furnishes a striking illustration of the propriety of the rule. It is not adopted simply for the purpose of preventing the opposite party from being taken by surprise, but reaches further, and is relied on as a means of deterring parties, whether plaintiffs or defendants, from an attempt at imposition. For if the evidence runs ahead of the allegation, there is reason to consider it false, as every one is presumed to allege his cause of comjffaint, or his defense, as strongly in his own favor as he can, consistently with the truth; and if the evidence proves a matter which the party has not ventured to allege, but more especially if the evidence proves a matter which, as in our case, is inconsistent with the allegation of the party, and shows it to be false, then the effect of the rule is, that he stands convicted by his own showing. It is unnecessary (to consider the other points made on the argument.
 

 Pee CubiaM, Decree accordingly.